1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

| | | |
|---|---|---|
| ANTONIO HERNANDEZ | / | 1:06-cv-01279-LJO-GSA (PC) |
| Plaintiff, | / / | |
| v. | / / | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| COUNTY OF KINGS, et. al., | / | (Doc. 1) |
| Defendants. | / / | |

16

17  **I.    SCREENING ORDER**

18        Antonio Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis.  Plaintiff filed his complaint on September 8, 2006 – which is presently before the

20  Court for screening.

21        **A.    Screening Requirement**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

26  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

28  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at California Substance Abuse Treatment Facility and State Prison ("SATF"), in Corcoran, California – where the acts he complains of occurred.

Plaintiff names as defendants the County of Kings and Correctional Officer C. Camara.

Plaintiff alleges that: on September 16, 2005, while assisting in serving a meal to sensitive needs inmates, as directed by C/O Camara, he saw a general population inmate coming toward him and feared for his life; the general population inmate hit Plaintiff, who fell to the ground; Plaintiff got up after being hit; and C/O Camara at first did nothing and then pepper sprayed Plaintiff.  Plaintiff alleges that C/O Camara failed to protect him from assault by another prisoner.  Plaintiff seeks monetary damages.

The Court provides Plaintiff with the following law that appears to apply to his generalized claim.

**C.     Pleading Requirements**

**1. *Federal Rule of Civil Procedure 8(a)***

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

2

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations. Id. at 514.  "'The issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

(9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

.'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490

U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,

122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

1982)).

### 2.   *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

against an opposing party.' Thus multiple claims against a single party are fine, but Claim A

against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

claims against different defendants belong in different suits, not only to prevent the sort of

morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply

with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names the County of Kings as a defendant without stating any charging allegations against the County. Plaintiff is advised that a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652,

4

667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

At this juncture, it appears that Plaintiff named the County of Kings, based on a respondeat superior theory of liability – for the (in)action of C/O Camara.  Thus, Plaintiff's claims against the County of Kings are not cognizable at this time.  Further, Plaintiff will not be able to state a cognizable claim unless he can demonstrate that there was some policy, custom, or practice of the County of Kings that was the moving force behind C/O Camara's actions.

**D.    Claims for Relief**

**1.  *Failure to Protect/Safety***

Plaintiff appears to alleges that C/O Camara failed to protect him from violence at the hands of another prisoner.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer, 511 U.S. at 834.  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial

1    evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.

2    Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

3    Plaintiff alleges that: while assisting in serving a meal to sensitive needs inmates, as

4    directed by C/O Camara, he saw a general population inmate coming toward him and feared for

5    his life; the general population inmate hit Plaintiff, who fell to the ground; Plaintiff got up after

6    being hit; and C/O Camara at first did nothing and then pepper sprayed Plaintiff.  These

7    allegations fail to state a cognizable claim against C/O Camara.  Plaintiff does not state what

8    about the general population inmate coming toward him (other than one of his hands behind his

9    back) caused him to fear for his life, and how/what C/O Camara knew that would make this an

10   excessively dangerous situation for Plaintiff.  Plaintiff does not show that C/O Camara knew

11   (and intentionally disregarded) the fact that Plaintiff was exposed to an excessive risk of harm by

12   assisting in serving a meal to special needs inmates.  Thus, Plaintiff's claims against C/O Camara

13   are subject to dismissal.

14   **II.    CONCLUSION**

15   For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an

16   amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this

17   order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the

18   date of service of this order.

19   Plaintiff must demonstrate in his complaint how the conditions complained of have

20   resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

21   (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

22   involved.  There can be no liability under section 1983 unless there is some affirmative link or

23   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

24   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

25   F.2d 740, 743 (9th Cir. 1978).

26   Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to

27   relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

28   independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

6

against an opposing party.'  Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and

4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

1   IT IS SO ORDERED.

2   **Dated:**    **September 15, 2008**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

8